UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN THE MATTER OF: )
) Case No.: 12-32540
MOSS FAMILY LIMITED PARTNERSHIP and )
BEACHWALK, L.P. ) . Chapter 11 Proceeding
) Jointly Administered
Debtors. )

### MOTION TO FOR APPROVAL OF SECURED FINANCING

Come now the Debtors, Moss Family Limited Partnership and Beachwalk, L.P., and move the Court pursuant to 11 U.S.C. §363 and 363 and Fed. R. Bankr. P. 4001 and 9014 for approval of post petition financing arrangement, and in support of this Motion Debtors respectfully represent as follows:

1. That on July 17, 2012, Moss Family Limited Partnership, ("Moss") filed its Petition for Relief under Chapter 11 of Title 11 of the United States Code and that on July 18, 2012, Beachwalk Limited Partnership, ("Beachwalk") filed its Petition for Relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. Said cases are being jointly administered pursuant to this Court's Order of August 13, 2012.

2. On October 22, 2012, the LaPorte Savings Bank ("LaPorte") filed a Proof a Claim ("Proof of Claim") in the amount of $3,601,700.22 (the "Indebtedness"), which was the amount owed as of the petition dates. The Indebtedness is secured by several mortgage liens upon certain parcels of Debtors' real estate located in Michigan City, LaPorte County, Indiana ("Mortgages" and by virtue numerous judgment liens of LaPorte pursuant to judgments entered against the Debtors by the LaPorte Superior Court No. 2 ("Judgment Liens") prior to the bankruptcy cases being filed.

3.Subsequent to the filing of the bankruptcies, pursuant to 1107 and 1108 of the Bankruptcy Code,

Debtors continue to operate their businesses and manage their assets as Debtors-in-Possession.

4.      That the nature of the Debtors' businesses is the development and sale of real estate in Michigan City, Laporte County, Indiana that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334. This is a core proceeding pursuant 28 U.S.C. §157(b)(2).

5.      That Debtors' filed their Motion to Compromise and Approve Settlement Agreement on June 12, 2014 which set forth the terms of the settlement reached between Debtors and LaPorte. The Debtors are seeking approval of the Settlement reached between the Debtors and LaPorte which settles the Indebtedness of LaPorte, and satisfies the Mortgages and Judgment Liens for a total payment of $2,850.000.00.

6.      That as part of the settlement, the Debtors are required to both sell and turnover the proceeds from the sale of property commonly known as the East Parcel to LaPorte (approximately $975,000.00), and to pay an additional approximate amount of $1,875,000.00 to LaPorte (for a total of $2,850,000.00).

7.      Debtor, Beachwalk Limited Partnership, has procured financing through Tier 2 Funding Group, Inc., in the approximate amount of $1,875,000.00 ("Settlement Funds"). The Settlement Funds will be loaned to Beachwalk, L.P. based on a 36 month term, at an interest rate of seven percent (7%) and shall be secured by Mortgages against the following commonly described property, all in Michigan City, Indiana, owned by both Debtors, Moss Family Limited Partnership and Beachwalk, L.P.:

   Moss Family Limited Partnership Property: 1602 Tennessee, Michigan City, Indiana

   Beachwalk, L.P. Properties:   30 Cason Park Lots; 85-101 Ridge Lots, Lot 12b; Parcel B-1; 210 Beachwalk Lane
   (collectively hereinafter referred to as the "Collateral").

Copies of the form proposed Note and Mortgages of are attached hereto, made a part hereof,

and marked as Exhibits "A", "B" and "C". The full legal description of the Collateral is set forth on the Mortgages attached hereto as Exhibits "B" and "C". All of the Collateral is currently encumbered by the LaPorte Mortgages and/or Judgment Liens.

8. That the Debtors believe that this financing is necessary in order to effectuate the settlement with LaPorte.

9. That the Debtors are unable to obtain the financing necessary to effectuate the settlement with LaPorte on an unsecured basis or at a rate with any better terms than as is proposed with the current financing.

WHEREFORE, the Debtors respectfully request that this Court approve the above described financing arrangement and grant such other relief as the Court deems just and proper in the premises.

Respectfully submitted:

**DANIEL L. FREELAND & ASSOCIATES, P.C.**

/s/ Sheila A. Ramacci
By: Sheila A. Ramacci
9105 Indianapolis Blvd.
Highland, IN  46322
219-922-0800

## CERTIFICATE OF SERVICE

I, Sheila A. Ramacci, certify that I served a true and complete copy of the foregoing document through the Court's Electronic mailing service on June 16, 2014, pursuant to Fed.R.Bankr.P. 4001(b)(1) upon:

| | | |
|---|---|---|
| United States Trustee | Mark J. Adey | David Blaskovich |
| Rebecca Hoyte Fischer | Mark R. Owens | Bernard E. Edwards |
| Lisa D. Updike | David E. Woodward | Jennifer Renee Watkins |
| Jennifer Elbenni | Phillip A. Garrett | Jeffrey Johnson |
| Lenore L. Heaphey | James B. Meyer | Andrew E. Houha |
| Sarah E. Willms | | |

/s/ Sheila A. Ramacci
Sheila A. Ramacci